IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER SUAREZ | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-790 |
| | : | |
| MICHAEL T. ROSE, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                                 February 11, 2026

Petitioner Wilmer Suarez brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS"). He argues his mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2), a provision of the Immigration and Nationality Act ("INA"), is illegal. Because § 1225(b)(2) does not apply to noncitizens like Suarez who have resided within the United States for years, his petition will be granted.

**BACKGROUND**[1]

Wilmer Suarez is a noncitizen from Venezuela who came to the United States with his wife Yusmaira Del Carmen Lopez Moreno to seek asylum. Pet. Writ Habeas Corpus ¶¶ 1-3, Dkt. No. 1. On January 15, 2022, Suarez arrived at the border, was briefly detained, and was affirmatively paroled into the country. *Id.* ¶ 2. He later applied for asylum as a derivative on his wife's application, with both applicants "evinc[ing] a fear of returning to Venezuela based on their political opinions, including [Suarez's] election to a municipal government function as a member

---

[1] The Government, "[f]or the purposes of responding to [Suarez's] habeas petition only, . . . does not dispute other facts or characterizations thereof stated in the petition (except if the petitioner claims he has been "admitted" to the United States)." Gov't Resp. Opp'n Pet. 3, Dkt. No. 7. The Court will therefore accept the non-legal factual allegations of Suarez's habeas petition as true.

of the opposition party of Venezuela." *Id.* ¶ 3.  Their asylum application remains pending.  *Id.* ¶¶ 3-4.  Suarez has no criminal record in the United States and has complied with all the conditions of his release since entering the country.  *Id.* ¶¶ 4, 9.

On February 6, 2026, Suarez was detained by Immigration and Customs Enforcement ("ICE") while attending a routine check-in.  *Id.* ¶ 8.  He alleges that he was not provided with a formal custody determination justifying his detention, official confirmation that removal proceedings have been initiated against him, or an opportunity for a bond hearing.  *Id.* ¶¶ 10-11.  As of February 6, 2026, ICE had not filed a Notice to Appear in immigration court for Suarez.  *Id.* ¶¶ 10-11, 26.  He is currently being held at the Federal Detention Center in Philadelphia.  *Id.* ¶ 16.

Suarez filed the instant habeas petition on February 6, 2026.  The Government responded on February 11, 2026.  It contends that Suarez was detained by ICE pursuant to the administration's new policy to subject all noncitizens who have never been admitted to the United States to mandatory detention without bond under § 1225(b)(2), regardless of whether they were stopped at the border or arrested years later inside the country.  Gov't Resp. Opp'n Pet. 1-3; *see also Ndiaye v. Jamison*, No. 25-CV-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (describing the history of the new policy).  The Government does not distinguish Suarez's situation from that of the petitioners in the over 150 other cases presenting the same issue in which habeas relief has been granted in this district, including this Court's previous decision in *Ndiaye*.  Gov't Resp. Opp'n Pet. 1-2 & n.1 (citing *Ndiaye*, 2025 WL 3229307).  The Government has also not provided any other justification for detaining Suarez.

**DISCUSSION**

Suarez argues his detention is illegal because the Government has improperly subjected him to mandatory detention without bond under § 1225(b)(2) instead of applying § 1226's

discretionary detention scheme. The Government argues that § 1225(b)(2) applies to noncitizens like Suarez.[2] This legal question has been considered by numerous courts. In the Eastern District of Pennsylvania, every single district judge who has addressed this issue has ruled against the Government's position.[3] Indeed around the country, some "308 judges[, appointed by every president since Ronald Reagan,] have ruled against the [Government]'s mass detention policy" in

---

[2] Notably the Government does not argue this Court lacks jurisdiction to hear Suarez's challenge to his mandatory detention under § 1225(b)(2). Regardless, this Court has jurisdiction over this case. *Ndiaye*, 2025 WL 3229307, at *2-3 (finding 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii) do not jurisdictionally bar the Court from hearing these types of cases); *see also Ndiaye v. Jamison*, No. CV 25-6007, 2026 WL 373247, at *7 (E.D. Pa. Feb. 10, 2026).

[3] *See, e.g.*, *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Ndiaye*, 2025 WL 3229307, at *8 (Sánchez, J.); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212, at *3 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726, at*4-8 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Morocho v. Jamison*, No. 25-CV-5930, 2025 WL 3296300, at *2-3 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill*, No. CV 25-6358, 2025 WL 3298003, at *2-6 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *M-L-Z-v. Noem*, No. 25-5479, 2025 WL 3470046, at *1-3 (E.D. Pa. Dec. 2, 2025) (Baylson, J.); *Soumare v. Jamison*, No. CV 25-6490, 2025 WL 3461542, at *3 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. CV 25-5810, 2025 WL 3473364, at *4 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Rodrigues Pereira v. O'Neill*, No. CV 25-6543, 2025 WL 3516665, at *6-8 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Anirudh v. McShane*, No. CV 25-6458, 2025 WL 3527528, at *4-6 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Picon v. O'Neill*, No. CV 25-6731, 2025 WL 3634212, at *4-5 (E.D. Pa. Dec. 15, 2025) (Perez, J.); *Hurtado v. Jamison*, No. CV 25-6717, 2025 WL 3678432, at *5-6 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Toure v. Bondi*, No. 25-cv-710 (E.D. Pa. Dec. 19, 2025) (McHugh, J.); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900, at *3 (E.D. Pa. Dec. 22, 2025) (Beetlestone, C.J.); *Dong v. Rose*, No. 25-cv-7182 (E.D. Pa. Dec. 23, 2025) (Kearney, J.); *Kumar v. McShane*, No. CV 25-6238, 2025 WL 3722005, at *7 (E.D. Pa. Dec. 23, 2025) (Quiñones Alejandro, J.); *Mardet v. Jamison*, No. CV 25-7169, 2025 WL 3772152, at *1 (E.D. Pa. Dec. 31, 2025) (Hodge, J.); *Camara v. Jamison*, No. 25-cv-7326 (E.D. Pa. Dec. 31, 2025) (Schmehl, J.); *Diop v. Jamison*, No. 25-cv-6946 (E.D. Pa. Jan. 5, 2026) (Murphy, J.); *Manrique-Luque v. Jamison*, No. 25-cv-7332 (E.D. Pa. Jan. 7, 2026) (Younge, J.); *Ferreira v. McShane*, No. 25-cv-7335 (E.D. Pa. Jan. 9, 2026) (Pappert, J.); *Vargas v. O'Neill*, No. 25-7094, 2026 WL 105711, at *4 (E.D. Pa. Jan. 14, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. CV 25-7371, 2026 WL 126153, at *1 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Restrepo v. Jamison*, No. 25-CV-6518, 2026 WL 141803, at *11 (E.D. Pa. Jan. 20, 2026) (Leeson, J.).

more than 3,000 cases. Kyle Cheney, *Hundreds of Judges Reject Trump's Mandatory Detention Policy, With No End in Sight*, Politico (Jan. 5, 2026, 5:55 AM), https://www.politico.com/news/2026/01/05/trump-administration-immigrants-mandatory-detention-00709494; *see also* Kyle Cheney, *How ICE Defies Judges' Orders to Release Detainees, Step by Step*, Politico (Feb. 10, 2026, 5:00 AM), https://www.politico.com/news/2026/02/10/ice-immigration-detention-court-orders-00771727. Despite the thousands of cases "piled sky high against the Government's position," the Government continues to invoke § 1225(b)(2) to detain noncitizens who are then quickly granted relief by district courts. *Rios Porras*, 2025 WL 3708900, at *2. "And yet, for each rejection of the government's legal position and granting of habeas relief to the petitioners, at least two more nearly-identical habeas petitions appear to populate the dockets of this district." *Once Chillogallo v. Jamison*, No. CV 26-0313, 2026 WL 295741, at *1 (E.D. Pa. Feb. 4, 2026).

While the Third Circuit Court of Appeals has not addressed this question, two other circuits have. addressed this issue: one that is persuasive and one that is not. The Seventh Circuit found the Government was "not likely to succeed on the merits of [its] argument that . . . individuals, whom ICE arrested without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)." *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025).[4] The court held the Government's interpretation of § 1225(b)(2) is likely wrong because the plain meaning of the term "seeking admission" limits mandatory detention to those who are not already in the country and any interpretation to the contrary would render this term superfluous and contravene

---

[4]   The Seventh Circuit made this finding while reviewing an application for a stay of a preliminary injunction. *Id.* at 1052-53. So, its analysis was limited to the likelihood of success on the merits and does not have the full weight of a final decision on the merits. The Court nevertheless finds the appellate court's analysis has strong persuasive value.

Congress's choice of language. *Id.* at 1060-62. It also found "the difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law." *Id.* at 1062. The court additionally noted the Government's "recent reliance on § 1225(b)(2)(A) to detain noncitizens discovered within the United States upends decades of practice." *Id.* at 1062 n.13. This holding aligns with this Court's analysis in *Ndiaye* and with the analysis used in thousands of other cases. *See* 2025 WL 3229307, at *5-6; *see, e.g.*, *Demirel*, 2025 WL 3218243, at *4-5. The Court finds *Castañon-Nava* persuasive.

Meanwhile, a divided Fifth Circuit panel recently found the Government's interpretation of § 1225(b)(2) is correct. *Buenrostro-Mendez v. Bondi*, --F.4th--, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). The majority read the term "applicant for admission" as identical to the phrase "seeking admission" in § 1225(b)(2). *Id.* at *4. The Government cites *Buenrostro-Mendez* to support its position.

The Fifth Circuit's decision is not binding on this Court, and because the decision is not persuasive, the Court will not adopt its reasoning. The Court will instead align itself with the reasoning used in thousands of cases around the country, the Seventh Circuit's analysis, and Judge Douglas' compelling dissent in *Buenrostro-Mendez*. *Ndiaye*, 2025 WL 3229307, at *4-8; *Singh v. Baltazar*, No. 26-CV-336, 2026 WL 352870, at *4-6 (D. Colo. Feb. 9, 2026); *Castañon-Nava*, 161 F.4th at 1062; *Buenrostro-Mendez*, 2026 WL 323330, at *10-18 (Douglas, J., dissenting) ("[T]he majority and the government distort the statutory text, abstract it from its context and history, ignore the Supreme Court's clearly stated understanding of the statutory scheme, and wave away the agency's previous failure to detain millions of noncitizens as if it were a rounding error. . . . [It] produces textualism without the text."). Otherwise, under "the [G]overnment's proposed

reading of the statute . . . the border is now everywhere." *Buenrostro-Mendez*, 2026 WL 323330, at *18 (Douglas, J., dissenting).

Based on the Court's previous opinion in *Ndiaye*, the decisions of all the judges who have considered the issue in the district, and the Seventh Circuit's analysis in *Castañon-Nava*, the Court finds Suarez cannot be detained under § 1225(b)(2). Suarez's current detention is therefore illegal, and he is entitled to relief.

**CONCLUSION**

Accordingly, the Court will grant Petitioner Wilmer Suarez's Petition for Writ of Habeas Corpus in full and order his immediate release.[5]

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[5] Like in *Ndiaye*, the Government has not offered any rationale for detaining Suarez beyond the mandatory detention provision of § 1225; therefore, this Court will order Suarez's immediate release without a bond hearing. *See* 2025 WL 3229307, at *8 & n.5.